UPON REHEARING EN BANC
D. ARTHUR KELSEY, Judge.
Convicted of possession of cocaine, James Gregory Logan argues on appeal that the trial court erred by not suppressing evidence obtained during a warrantless entry into Logan’s rooming house. We agree with Logan and reverse his conviction.
*170 I.
Looking for someone else, a police officer entered the rooming house where Logan resided. The rooming house was an old home converted to board fifteen residents. The officer had no arrest warrant for Logan or any search warrant for the rooming house. Once inside, the officer saw Logan walking up a flight of steps to his room on the third floor. Unaware that the officer was observing him, Logan handed a piece of crack cocaine to another person. The officer then arrested Logan for possession of cocaine.
The evidence at the suppression hearing was in conflict on the extent to which the rooming house was open to the general public. The officer suggested it was, but another resident testified that two no-trespassing signs were posted on or near the front door, suggesting only residents and invited guests could enter the rooming house. The trial court denied the motion to suppress, holding that the officer did not violate the Fourth Amendment by entering the rooming house without a warrant.
On appeal, the Commonwealth conceded to a panel of this Court that the rooming house was not open to the general public. The panel relied on this concession and, coupled with additional reasoning, held that Logan possessed a reasonable expectation of privacy in the interior common areas of the rooming house. Logan v. Commonwealth, 46 Va.App. 213, 222-23, 616 S.E.2d 744, 748 (2005) (observing that “at oral argument the government concedes the rooming house was not a place open to the general public”).[1] At the Commonwealth’s request, we agreed to set aside our panel opinion and to reconsider the matter en banc.
*171 II.
Though the ultimate question whether a reasonable expectation of privacy exists in a rooming house involves an issue of law, we address that question only after the relevant historical facts have been established. In this case, the Commonwealth conceded that Logan’s rooming house — a private home converted to board fifteen residents — was not open to the general public.[2] It naturally follows, as a matter of law, that residents of this rooming house would have a reasonable expectation of privacy in the interior common areas that had been placed off-limits to the general public — areas thereby reserved for the private use of the rooming house residents and their invited guests. This conclusion remains true whether we take a broad view of the privacy interests associated with rooming houses, as Logan urges us to do, see, e.g., State v. Titus, 707 So.2d 706, 709 (Fla.1998) (holding that a resident of a rooming house has a privacy interest in common areas not “open to the general public”), or a more narrow approach, as the Commonwealth contends we should, see, e.g., United States v. Anderson, 533 F.2d 1210, 1214 (D.C.Cir.1976) (refusing to recognize a privacy interest in a rooming house open to anyone with a “legitimate reason to be on the premises”). For purposes of this appeal, we need not endorse or reject either view.[3] See generally 1 Wayne R. LaFave, Search & Seizure § 2.3(b), at 569-70 (4th ed. 2004).
*172 The Commonwealth argues we should not decide this case based upon the concession, but should instead make an independent judgment on this subject. Our duty of exercising de novo judgment, however, plays no role in determining the contested facts of a case. Those are for the litigants to develop and the factfinder to decide. We review de novo only the “ultimate question” whether the officer violated the Fourth Amendment. Kyer v. Commonwealth, 45 Va.App. 473, 479, 612 S.E.2d 213, 216-17 (2005) (en banc); Slayton v. Commonwealth, 41 Va.App. 101, 105, 582 S.E.2d 448, 449-50 (2003).
Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal. Because the law applies to all alike, it cannot be subordinated to the private opinions of litigants.[4] An entirely different paradigm, however, applies to questions of fact unique to the litigants and specific to the circumstances of each particular case. Thus the maxim: “A party can concede the facts but cannot concede the law.” Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990); see also Tuggle v. Commonwealth, 230 Va. 99, 111 n. 5, 334 S.E.2d 838, 846 n. 5 (1985). On purely factual questions, therefore, we can and do rely on the adversarial process to sort out the contested and the uncontested aspects of the case before we begin our responsibility of applying de novo the correct legal principles.
*173 III.
By making a warrantless entry into Logan’s rooming house, the police officer violated the Fourth Amendment. Thus, the officer’s observations once inside the house cannot be used against Logan. There being no other inculpatory evidence supporting the charge, we reverse Logan’s conviction and dismiss the indictment for possession of cocaine.

Reversed and indictment dismissed.

. The panel also rejected the Commonwealth's alternative argument that the officer reasonably, but mistakenly, believed Logan was another man wanted by police on a pending arrest warrant. During our en banc hearing, the Commonwealth expressly withdrew this argument as a basis for affirming the trial court's judgment. We thus express no opinion on this subject.

. The defendant alone bears the “burden of proving” factual circumstances giving rise to a reasonable expectation of privacy. Sharpe v. Commonwealth, 44 Va.App. 448, 455, 605 S.E.2d 346, 349 (2004); see also Bell v. Commonwealth, 264 Va. 172, 190, 563 S.E.2d 695, 708 (2002). This is not a mere burden of production, requiring only a going forward with the evidence; it is a “burden of persuasion,” United States v. Lewis, 40 F.3d 1325, 1333 (1st Cir.1994), requiring the defendant to prove to the satisfaction of the factfinder the existence of those facts upon which a legal conclusion can be drawn.

. To go further than the Commonwealth’s concession, we believe, "would conflict with two principles of judicial self-restraint; our reluctance to issue what amounts to an 'advisory opinion’ on an inessential subject, Craddock v. Commonwealth, 40 Va.App. 539, 551 n. 1, 580 S.E.2d 454, 461 n. 1 (2003), and our corresponding desire to decide the *172 case 'on the best and narrowest ground available.’ Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531, 111 S.Ct. 913, 922, 112 L.Ed.2d 1125 (1991) (Stevens, J., concurring).” Johnson v. Commonwealth, 45 Va.App. 113, 117 n. 3, 609 S.E.2d 58, 60 n. 3 (2005).

. For similar reasons, an "appellate court cannot vacate a criminal conviction that violates no recognizable legal principle simply on the ground that the prosecutor (or, for that matter, the trial judge) did not articulate the proper legal basis for it.” Blackman v. Commonwealth, 45 Va.App. 633, 642, 613 S.E.2d 460, 465 (2005). This principle must be distinguished, however, from an appellant's concession of law that qualifies either as a waiver for purposes of Rule 5A:18 or as an express withdrawal of an appellate challenge to a trial court judgment. In either scenario, we may accept the concession — not as a basis for deciding the contested issue of law, but as a basis for not deciding it.