COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                          MEMORANDUM OPINION* BY
     v.        Record No. 0644-07-4        JUDGE ELIZABETH A. McCLANAHAN
                                              AUGUST 27, 2007
CALVIN LAMONT BOWMAN, JR.


                 FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Arthur B. Vieregg, Judge

              Susan M. Harris, Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellant.

              McGennis Williams for appellee.


      Calvin Lamont Bowman, Jr. stands indicted for bank robbery and related charges.  The

Commonwealth appeals the pretrial ruling of the trial court granting Bowman's motion to

suppress his statements made to police shortly after his arrest.  The Commonwealth contends the

trial court erred in ruling that Bowman's inculpatory statements were inadmissible because they

resulted from police interrogation conducted in violation of his Miranda[1] rights.  For the

following reasons, we affirm the trial court.

      On appeal of a trial court's ruling on a motion to suppress, "the burden is upon [the

appellant] to show that the ruling . . . constituted reversible error."  McGee v. Commonwealth,

25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (citation and internal quotation

marks omitted).  Where the motion was granted, we review the evidence in the light most

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

favorable to the accused, the prevailing party below, together with all reasonable inferences that may be drawn from it. Commonwealth v. Spencer, 21 Va. App. 156, 159, 462 S.E.2d 899, 901 (1995).

Bowman was arrested in Maryland for his alleged involvement in a bank robbery in Vienna, Virginia. His charges in this case arise from that robbery.[2] Within a day or two of his arrest, two Fairfax County Police Department detectives and an agent with the Federal Bureau of Investigation met with Bowman in a Maryland county jail, as part of their robbery investigation. Bowman was being held there while awaiting extradition to Virginia. The officers met with him in an interrogation room in the jail for more than an hour and a half. Approximately twenty-five minutes into the meeting, Detective Needles advised Bowman of his Miranda rights, after which Bowman executed a waiver of those rights. Both before and after the Miranda warnings were given and the Miranda waiver was executed, Bowman made numerous inculpatory statements to the officers regarding the bank robbery.

Bowman filed a pretrial motion to suppress all of his inculpatory statements on the grounds the statements were obtained in violation of his Fifth Amendment right against self-incrimination, as protected under the procedural safeguards of Miranda v. Arizona, 384 U.S. 436, 478 (1966). More specifically, Bowman argues that his pre-Miranda warning statements were the product of a custodial police interrogation, as defined in Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980), and that his post-Miranda warning statements were the product of a deliberate two-step interrogation strategy designed to circumvent Miranda, a tactic proscribed in Missouri v. Seibert, 542 U.S. 600 (2004) (plurality opinion). After reviewing the

---

[2] In this case, Bowman is charged with two counts of robbery in violation of Code § 18.2-58, abduction in violation of Code § 18.2-48, and three counts of using a firearm in the commission of robbery and abduction in violation of Code § 18.2-53.1. He was also charged with felony unauthorized use of a vehicle in violation of Code § 18.2-102.

Commonwealth's evidence presented at the suppression hearing,[3] the trial court agreed with Bowman and ordered that all of Bowman's inculpatory statements to the officers were inadmissible. The Commonwealth subsequently filed this pretrial appeal pursuant to Code § 19.2-398(A)(2) challenging the order.

"Miranda warnings are implicated . . . during a custodial interrogation." Bailey v. Commonwealth, 259 Va. 723, 745, 529 S.E.2d 570, 583 (2000) (citing Oregon v. Mathiason, 429 U.S. 492, 495 (1977)); see Innis, 446 U.S. at 300 ("[T]he special procedural safeguards outlined in Miranda are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation."). "'Failure to give Miranda warnings prior to custodial interrogation requires suppression of any illegally obtained statements.'" Timbers v. Commonwealth, 28 Va. App. 187, 194, 503 S.E.2d 233, 236 (1998) (quoting Blain v. Commonwealth, 7 Va. App. 10, 13, 371 S.E.2d 838, 840 (1988)); see Commonwealth v. Thornton, 24 Va. App. 478, 488, 483 S.E.2d 487, 491 (1997) (An accused "subjected to custodial police interrogation" must first be advised of his Miranda rights in order "for any statement he makes to be admissible.").

Suppression of post-warning inculpatory statements may be required when police use a "[deliberate] two-step questioning technique," whereby an in-custody suspect is given mid-interrogation Miranda warnings preceded by the suspect's inculpatory statements made during the first stage of the interrogation. Seibert, 542 U.S. at 620 (Kennedy, J., concurring opinion).[4] "When an interrogator uses this deliberate, two-step strategy, predicated upon

---

[3] Only the Commonwealth presented evidence at the suppression hearing. See, e.g., Sellers v. Commonwealth, 41 Va. App. 268, 272, 584 S.E.2d 452, 455 (2003), and Timbers v. Commonwealth, 28 Va. App. 187, 194, 503 S.E.2d 233, 236 (1998) (explaining the Commonwealth's burden of poof upon a defendant's motion to suppress under Miranda).

[4] "Because Seibert is a plurality decision and Justice Kennedy concurred in the result on the narrowest grounds, it is his concurring opinion that provides the controlling law." United

violating <u>Miranda</u> during an extended interview, postwarning statements that are related to the substance of prewarning statements must be excluded absent specific, curative steps." <u>Id.</u> at 621.

Here, it is undisputed Bowman was in custody at the time the three officers met with him. Therefore, the issues in this case are: (a) whether Bowman's inculpatory statements made during the pre-warning phase of the meeting resulted from an interrogation; and (b) if so, whether his inculpatory statements made during the post-warning phase of the meeting resulted from a deliberate two-step questioning technique such as to render his mid-interrogation <u>Miranda</u> warnings ineffective, under the applicable standards set forth in <u>Seibert</u>.

(i) Bowman's Pre-<u>Miranda</u> Warning Inculpatory Statements

A person in custody may be subjected to interrogation by "either express questioning or its functional equivalent." <u>Innis</u>, 446 U.S. at 300-01. In other words, "the term 'interrogation' under <u>Miranda</u> . . . [includes] any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." <u>Id.</u> at 301. The "'<u>Innis</u> standard'" thus presents a question of law, "'requiring [our] determination whether an objective observer would view an officer's words or actions as designed to elicit an incriminating response.'" <u>Hilliard v. Commonwealth</u>, 43 Va. App. 659, 674, 601 S.E.2d 652, 659 (2004) (quoting <u>Blain</u>, 7 Va. App. at 15, 371 S.E.2d at 841). <u>See</u> <u>Timbers</u>, 28 Va. App. at 193, 503 S.E.2d at 236 ("We review *de novo* questions of law and the trial court's application of defined legal standards to the particular facts of a case.").

---

States v. Street, 472 F.3d 1298, 1313 (11th Cir. 2006) (citing <u>United States v. Gonzalez-Lauzan</u>, 437 F.3d 1128, 1136 n.6 (11th Cir. 2006); <u>Romano v. Oklahoma</u>, 512 U.S. 1, 9 (1994); <u>Marks v. United States</u>, 430 U.S. 188, 193 (1977)); <u>see</u> <u>United States v. Mashburn</u>, 406 F.3d 303, 308-09 (4th Cir. 2005) (same).

- 4 -

We agree with the trial court that Bowman's pre-warning inculpatory statements were the product of a police interrogation. It is clear that during those first twenty-five minutes of his meeting with the officers, as the trial court concluded, "Mr. Bowman's inculpatory statements were preceded by the investigator's repeated inquiry not only as to the name of Mr. Bowman's alleged accomplice, but also as to Mr. Bowman's role in the robbery." "Given that (1) an innocent person does not have an accomplice, (2) Mr. Bowman could not discuss his accomplice without also placing himself at the scene, and potentially without revealing his own actions, and (3) the investigators included two police detectives and a federal agent extremely familiar with the practice of interrogation," the court aptly reasoned, it is "plain" that a reasonable investigator "should have realized that the subject matter of the topic of the conversation as well as the investigator's actual statements likely would elicit incriminating responses from Mr. Bowman."

The trial court thus correctly ruled that Bowman's pre-warning inculpatory statements are inadmissible because they resulted from what amounted to a custodial interrogation of an unwarned suspect.

(ii) Bowman's Post-<u>Miranda</u> Warning Inculpatory Statements

Having determined that Bowman's pre-warning statements were the product of a custodial interrogation, we must now decide the admissibility of his post-warning statements under <u>Seibert</u>.

The United States Supreme Court has twice addressed the admissibility of a defendant's inculpatory statements obtained after <u>Miranda</u> warnings were given, but preceded by the defendant's earlier, unwarned inculpatory statements, first in <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985), and then in <u>Seibert</u>, 542 U.S. 600. In <u>Elstad</u>, the Supreme Court held that "subsequent administration of <u>Miranda</u> warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the

earlier statement." Id. at 314.  Under Elstad, "[t]he relevant inquiry is whether, in fact, the second statement was also voluntarily made.  As in any such inquiry, the finder of fact must examine the surrounding circumstances and the entire course of police conduct with respect to the suspect in evaluating the voluntariness of his statements."[5]  Id. at 318.

In Seibert, the Supreme Court formulated an exception to Elstad, which is a "test applicable only in the infrequent case" where the police have used "a two-step questioning technique based on a deliberate violation of Miranda."[6]  Seibert, 542 U.S. at 620-22 (Kennedy, J., concurring).  Under Justice Kennedy's concurring opinion in Seibert, the trial court must suppress post-warning inculpatory statements obtained through a deliberate two-step interrogation strategy, predicated on rendering the mid-interrogation Miranda warnings ineffective, unless the police take specific "curative measures."  Id. at 622.  Such measures "should be designed to ensure that a reasonable person in the suspect's situation would understand the import and effect of the Miranda warning and of the Miranda waiver."[7]  Id.

---

[5] The Supreme Court reasoned that it would be

> an unwarranted extension of Miranda to hold that a simple failure
> to administer the warnings, unaccompanied by any actual coercion
> or other circumstances calculated to undermine the suspect's
> ability to exercise his free will, so taints the investigatory process
> that a subsequent voluntary and informed waiver is ineffective for
> some indeterminate period.  Though Miranda requires that the
> unwarned admission must be suppressed, the admissibility of any
> subsequent statement should turn in these circumstances solely on
> whether it is knowingly and voluntarily made.

Elstad, 470 U.S. at 309.

[6] Therefore, "[t]he admissibility of postwarning statements should continue to be governed by the principles of Elstad unless the deliberate two-step strategy was employed." Seibert, 542 U.S. at 622 (Kennedy, J., concurring).

[7] In his concurring opinion, Justice Kennedy provides specific examples of remedial measures that may be sufficient.  Seibert, 542 U.S. at 622.  As explained, *supra*, no such measures are presented for our review in the instant case.

In adopting this subjective test requiring deliberate or intentional police misconduct, Justice Kennedy rejected the plurality's "objective inquiry" that would have been applicable "in the case of both intentional and unintentional two-stage interrogations," which, in Justice Kennedy's opinion, "cuts too broadly." Id. at 621-22. Justice Kennedy reasoned that "Miranda's clarity is one of its strengths, and a multifactor test that applies to every two-stage interrogation may serve to undermine that clarity." Id. at 622. He thus favored the "narrower test" applicable only where the "two-step interrogation technique was used in a calculated way to undermine the Miranda warning." Id.

In the instant case, the trial court made a finding that the officers deliberately engaged in a two-step interrogation strategy during Bowman's interview,[8] as proscribed in Seibert under Justice Kennedy's subjective standard.[9] The appellate standard we use to review this finding is a matter of first impression for a Virginia appellate court. We conclude, as the Ninth Circuit did recently in United States v. Narvaez-Gomez, 489 F.3d 970, ___, 2007 U.S. App. LEXIS 13021,

---

[8] Prior to oral argument in this appeal, we issued an order directing counsel to be prepared to address, *inter alia*, whether "the trial court [made] a finding of a deliberate use of the two-step interrogation process proscribed in [Seibert]." During oral argument, the Commonwealth conceded the trial court made this finding, specifically acknowledging that the trial court found "there was a deliberate intent to circumvent Miranda" by the officers' two-step interrogation strategy. This Court is entitled to rely on this concession because it is a concession of a factual finding, as addressed *supra*. See Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*) ("'A party can concede the facts but cannot concede the law.'" (quoting Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990))). We nevertheless reach the same conclusion based on our own review of the record.

[9] The trial court also made an alternative ruling under an objective test, consistent with Justice Souter's plurality opinion: that "[i]rrespective" of the "subjective intent" of Detective Needles (the only interrogating officer who testified at the suppression hearing), a "reasonable police officer" should have known that Bowman's two-step interrogation was in violation of Miranda. We reject this ruling, as the trial court's subjective inquiry, consistent with Justice Kennedy's concurring opinion, is the correct approach. See, *infra*, footnote 4. In other words, of the trial court's two, alternative rulings, it is the court's ruling under the subjective test that "legally constitute[s] a freestanding basis in support of the trial court's decision." Johnson v. Commonwealth, 45 Va. App. 113, 117, 609 S.E.2d 58, 60 (2005).

*6 (9th Cir. 2007), that this "deliberateness finding is appropriately reviewed as a factual finding."  See United States v. Mashburn, 406 F.3d 303, 306-10 (4th Cir. 2005).  And "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or 'without evidence to support them.'"  McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)).

From our review of the record, we cannot say the trial court's finding of a deliberate violation of Miranda under Seibert was plainly wrong or without evidence to support it.  The trial court made this finding based not only on the recording and transcript of Bowman's interrogation, but also on the testimony of Detective Needles.  After reciting Justice Kennedy's subjective test in its opinion, the court specifically found that the officers "plain[ly] . . . conducted [the proscribed] two-step strategy" in such a way as to "eventuate in [Bowman's] restatement of inculpatory statements made in the pre-Miranda phase as well as further admissions."  The trial court also explained that, while Detective Needles denied "deliberately engag[ing] in a two-step strategy," he offered the court no "plausible explanation why Miranda warnings were not given at the beginning of the interview."  Under familiar principles, "it is the province of the [trier of fact], rather than an appellate court, to weigh the facts and to judge the credibility of the various witnesses."  Ford v. Commonwealth, 48 Va. App. 262, 268, 630 S.E.2d 332, 335 (2006).  Finally, it is undisputed that no curative measures of any kind were taken during Bowman's interrogation.  Thus, we conclude that Bowman's post-warning inculpatory statements are also inadmissible.

For these reasons, we affirm the trial court's ruling to suppress all of Bowman's inculpatory statements made during his interrogation conducted by the three officers at the Maryland county jail shortly after his arrest.

Affirmed.