# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **12th** *day of* **August, 2008**.

Darrell Andrew Copeland,                                                                                   Petitioner,

 against            Record No. 1547-08-1

Commonwealth of Virginia,                                                                              Respondent.

Upon a Petition for a Writ of Actual Innocence

Before Judges Kelsey, Petty and Senior Judge Bumgardner

The Circuit Court for the City of Chesapeake convicted Darrell Andrew Copeland of possessing a firearm after having been convicted of a felony, a violation of Code § 18.2-308.2(A). See Conviction Order, Case No. CR07-949 (May 2, 2007); Sentencing Order, Case No. CR07-949 (August 7, 2007). At the time of trial, the putative firearm was in the possession of the Virginia Department of Forensic Science. After Copeland's conviction became final, DFS issued a certificate of analysis which, both Copeland and the Commonwealth agree, made factual findings that excluded the item tested from the statutory definition of "firearm" under Code § 18.2-308.2(A). See Morris v. Commonwealth, 269 Va. 127, 131, 607 S.E.2d 110, 112 (2005) (defining "firearm" under Code § 18.2-308.2 to include only weapons "designed, made, and intended to expel a projectile by means of an explosion").[1]

Based upon the after-discovered DFS certificate of analysis, Copeland filed a petition for actual innocence under Code § 19.2-327.10, *et seq.* To succeed, Copeland must prove by clear and convincing evidence that, among other things, the after-discovered information was "previously unknown or unavailable to the petitioner or his trial attorney of record at the time the conviction became final in the circuit court," Code § 19.2-327.11(A)(iv), and that neither he nor his trial counsel could have discovered

---

[1] See also Kingsbur v. Commonwealth, 267 Va. 348, 351, 593 S.E.2d 208, 209-10 (2004); Armstrong v. Commonwealth, 263 Va. 573, 583-84, 562 S.E.2d 139, 145 (2002).

this information "by the exercise of diligence," Code § 19.2-327.11(A)(vi).[2]  After conducting his own evaluation of the facts, the Attorney General concedes Copeland has met his burden of proof and affirmatively joins in Copeland's request for relief.

We have no obligation to accept concessions of error, see United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (recognizing "the government's concession of error is not binding on this court"), and, to be sure, we would never do so if the issue were a pure question of law, Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (en banc).  "Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal.  Because the law applies to all alike, it cannot be subordinated to the private opinions of litigants."  Id.[3]  Such hesitation is particularly appropriate here given the need to ensure that the writ of actual innocence does not evolve into an omnibus substitute for the carefully crafted procedures of the habeas corpus writ, Code § 8.01-654, et seq., or impinge upon the Governor's exclusive power over executive clemency, Code § 53.1-229, et seq.

Having independently examined the record presented to us, we conclude the unique circumstances of this case make it prudent to accept the Attorney General's concession without "further development of the facts" under Code § 19.2-327.12.  Accordingly, we grant the requested writ of actual innocence and vacate Copeland's conviction for possessing a firearm after having been convicted of a

---

[2] See generally Carpitcher v. Commonwealth, 273 Va. 335, 641 S.E.2d 486 (2007); In re Johnson, 47 Va. App. 503, 624 S.E.2d 696 (2006), aff'd, Johnson v. Commonwealth, 273 Va. 315, 641 S.E.2d 480 (2007).

[3] We analogize the Attorney General's position in this case to a confession of error sometimes submitted on direct appellate review.  In such cases, as here, the "public trust reposed in the law enforcement officers of the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent."  Young v. United States, 315 U.S. 257, 258 (1942).  Even so, "such a confession does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed."  Id. at 258-59; see also Gibson v. United States, 329 U.S. 338, 344 n.9 (1946).

felony in violation of Code § 18.2-308.2(A).  We further remand this matter to the circuit court with

instructions to enter an order of expungement pursuant to Code § 19.2-327.13.[4]

Writ granted, conviction vacated,
and case remanded.


A Copy,

Teste:

*original order signed by the Clerk of the
Court of Appeals of Virginia at the direction
of the Court*

Clerk

---

[4] We direct the Clerk to publish this order in the Reports of the Court of Appeals of Virginia.

-3-