COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued by teleconference


TIMOTHY SHAWN DAUGHERTY
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0297-11-3                      JUDGE ROBERT P. FRANK
                                                    NOVEMBER 1, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                              Charles J. Strauss, Judge

            James C. Martin (Martin & Martin Law Firm, on brief), for
            appellant.

            Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


       Timothy Shawn Daugherty, appellant, pled guilty to failure to appear in violation of Code

§ 18.2-456, evading and eluding in violation of Code § 46.2-817,[1] and driving while under

suspension, third or subsequent offense within ten years, in violation of Code § 46.2-301.  Appellant

challenges the trial court's imposition of sentence for the failure to appear.  For the reasons stated,

we reverse.[2]

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] In this appeal, defendant does not challenge the evading conviction.

       [2] Appellant initially appealed his twelve-month sentence for driving while his license was
suspended claiming that it violated the Eighth Amendment of the United States Constitution
prohibition against cruel and unusual punishment.  Upon his motion prior to oral argument, the
Court allowed appellant to withdraw this assignment of error.

BACKGROUND

On March 2, 2010, appellant failed to appear in Pittsylvania General District Court. That court issued a capias for his arrest, charging appellant with contempt of court under Code § 18.2-456, which sets forth the types of behavior that are punishable by summary contempt. Subsequently, the general district court found appellant guilty of contempt and sentenced him to ten days in jail pursuant to Code § 18.2-458. Appellant noted his appeal to the Circuit Court for Pittsylvania County.

On October 18, 2010 a grand jury indicted appellant for driving with a suspended operator's license, third or subsequent offense. On November 30, 2010, appellant pled guilty in the circuit court to that charge and to the misdemeanor contempt for failure to appear. On January 11, 2011, the trial court sentenced appellant to twelve months in jail for the driving offense and six months in jail for failure to appear.

At trial, appellant never argued that the court lacked authority to impose a six-month sentence for summary contempt.

This appeal follows.

ANALYSIS

Appellant contends that since he was convicted of summary contempt, Code § 18.2-458[3] limits the maximum incarceration to ten days, not the six months imposed by the trial court. We agree, as does the Commonwealth.

---

[3] Code § 18.2-458 provides:

> A judge of a district court shall have the same power and jurisdiction as a judge of a circuit court to punish summarily for contempt, but in no case shall the fine exceed $250, or the imprisonment exceed ten days, for the same contempt.

It is uncontested that appellant was convicted of summary contempt for failure to appear under Code § 18.2-456, which states in part: "The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following: . . . (5) disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court."

Summary contempt is "'[w]here the contempt is committed in the presence of the court, it is competent for it to proceed upon its own knowledge of the facts, and to punish the offender without further proof, and without issue or trial in any form.'" Davis v. Commonwealth, 219 Va. 395, 398, 247 S.E.2d 681, 682 (1978) (quoting Burdett v. Commonwealth, 103 Va. 838, 845-46, 48 S.E. 878, 880-81 (1904)). "A petty, direct contempt may be subject to summary adjudication." Gilman v. Commonwealth, 275 Va. 222, 227, 657 S.E.2d 474, 476 (2008). Summary contempt is punishable by a fine not to exceed $250, and/or imprisonment of no more than ten days. Code § 18.2-458.

The circuit court is bound by Code § 18.2-458 as is the district court. The circuit court's appellate jurisdiction is derivative of the general district court's jurisdiction. Davis v. County of Fairfax, 282 Va. 23, 30, 710 S.E.2d 466, 469 (2011).

The Commonwealth concedes the trial court erred in imposing a six-month sentence for a summary contempt conviction. While we are not obliged to accept the Commonwealth's concession of legal error, Copeland v. Commonwealth, 52 Va. App. 529, 664 S.E.2d 528 (2008), we agree with the Commonwealth. As we said in Copeland:

> We have no obligation to accept concessions of error, see United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (recognizing "the government's concession of error is not binding on this court"), and, to be sure, we would never do so if the issue were a pure question of law, Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*). "Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal. Because the law

applies to all alike, it cannot be subordinated to the private opinions of litigants." Id.

Copeland, 52 Va. App. at 531-32, 664 S.E.2d at 529 (footnote omitted).

The fact that appellant did not preserve this issue below is of no moment. "[A] sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the [C]ourt had the power to render.'" Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009) (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). "'A sentence in excess of that prescribed by law is not void *ab initio* because of the excess, but is good in so far as the power of the court extends, and is invalid only as to the excess.'" Id. at 218, 683 S.E.2d at 547 (quoting Royster v. Smith, 195 Va. 228, 236, 77 S.E.2d 855, 859 (1953)). An order that is void *ab initio* is a "complete nullity" that may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001). A void sentence may be attacked for the first time on appeal. See Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990) ("[T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal.").

Based on the summary contempt violation and the sentence that exceeded the statutory maximum of ten days in jail, we find the trial court erred in sentencing appellant to six months for summary contempt.

CONCLUSION

Finding that the trial court sentenced appellant to a term that exceeded the statutory maximum on the summary contempt offense, we reverse and remand for a new sentence not to exceed a term of ten days.[4]

<u>Reversed and remanded.</u>

---

[4] <u>See</u> <u>Rawls</u>, 278 Va. 213, 683 S.E.2d 544.