COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:  Judges Chafin, O'Brien and Russell
Argued at Salem, Virginia


JAMES LEE FRANGO

                                                            OPINION BY
v.        Record No. 1195-15-3              JUDGE WESLEY G. RUSSELL, JR.
                                                          FEBRUARY 23, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CRAIG COUNTY
Malfourd W. Trumbo, Judge

Seth C. Weston (Gilbert, Bird & Weston, P.C., on briefs), for
appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


James Lee Frango, appellant, was convicted of grand larceny of timber in violation of Code

§ 55-334.1 and, for unrelated conduct, second offense misdemeanor petit larceny.  On appeal, he

argues that the evidence was insufficient to sustain the conviction for violation of Code § 55-334.1

because the Commonwealth failed to prove that the timber had any value, let alone that the timber

was worth $200.  He also contends the trial court erred in sentencing him to two years' incarceration

on the second offense petit larceny conviction.  For the following reasons, we reverse and remand

both convictions for further proceedings.

BACKGROUND

Ricky Smith, appellant's next-door neighbor, testified that, sometime after March 8, 2015,

he noticed several trees had been cut from his property.  He prepared a list of the missing trees,

fifteen oaks and three pines, and the Commonwealth submitted the list as Exhibit One at trial.

Smith testified that a certified forester from Arrow Forestry came to his property to prepare a

valuation report of the missing trees. The prosecutor asked that a copy of the report be submitted to the court, stating, "I'm going to submit [the report] to the Court upside down and not to be read into evidence at this point [and] only if there's a determination of guilt or innocence will I, will I ask the Court to review this." Smith detailed his reasoning as to why appellant was the person who had taken the trees, including prior contacts with appellant and that the trees would have been removed from the site through appellant's property as opposed to through Smith's.

Deputy Paris Parson testified that he spoke with appellant by telephone. Appellant denied cutting the live trees on Smith's property, although he did admit to cutting some "dead snags" off Smith's land.

Appellant testified and denied cutting anything except "dead snags" from Smith's property at or near the time in question. After suggesting others who may have taken the trees, he noted that he believed that approximately eight oak trees had been removed from Smith's property. He estimated that the trees were thirty-feet tall. He said he could see the stand of trees from his house, but did not see anyone cut down the trees, cut them up or remove them.

He also testified that, on a prior occasion, he did cut and remove an oak tree from the stand of oak trees in question. He said it had fallen on a power line and that he had cut it into sections and used it as firewood.

At the close of the evidence, the court continued the matter, indicating the court would hear from any additional defense witnesses when the court reconvened. Upon return, and at the conclusion of additional testimony, appellant moved the court to strike the Commonwealth's evidence, arguing that the Commonwealth never offered the forester's report into evidence, and therefore, failed to prove value. Based on the court's own notes and the number of trees removed, the court overruled the motion and found appellant guilty of grand larceny, sentencing him to two

years of incarceration on the charge.[1] Appellant filed a motion to reconsider, arguing that the Commonwealth failed to prove value. Upon further argument of counsel and review of transcripts, the trial court denied the motion, explaining:

> [I]n fact what would happen then is if there was sufficient evidence to convict of a larceny without having any value then it was agreed upon by the parties that in fact if there was sufficient evidence to convict as larceny then the Court would review the report of the person, the forestry person who did the evaluation, match it up with Exhibit One with the number of trees to place a value on it. And that being the case then that would be the determination of whether or not it would be petit larceny or grand larceny because in fact the number of trees, the description of the trees had already been introduced into evidence, it was only the function of whether or not, as agreed upon by the parties, it would be petit or grand larceny.

In a separate matter, the court convicted appellant of second offense petit larceny. The court sentenced appellant to a term of incarceration of two years for this offense. Appellant did not object to his sentence at that time.

This appeal followed.

ANALYSIS

I. Larceny of Timber

On appeal, appellant does not contest the trial court's conclusion that he was the person who cut down and took the trees from Smith's property. Rather, he challenges his conviction for larceny of timber by arguing that the Commonwealth failed to prove a value of the trees sufficient to establish that he committed grand larceny.

Because appellant's appeal is a challenge to the sufficiency of the evidence, we review the judgment below "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "An appellate court does not 'ask itself whether

---

[1] The trial court ultimately suspended the sentence upon terms and conditions.

- 3 -

*it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas, 48 Va. App. at 608, 633 S.E.2d at 231).

### A. Grand Larceny of Timber

The Commonwealth has conceded that "the trial record fails to demonstrate sufficient evidence to establish the timber's value met the necessary threshold to support his conviction for" grand larceny.[2] It is important to recognize that the Commonwealth *did not* concede that the trees were not worth the $200 statutory threshold, but rather, only conceded that the evidence was insufficient to establish that fact. Thus, the concession is one of law, not fact. See Womack v. Circle, 70 Va. (29 Gratt.) 192, 203 (1877) ("The existence of the facts and circumstances is a question of fact for the jury; their sufficiency, a question of law for the court.").

---

[2] As relevant here, Code § 18.2-95 defines grand larceny as "simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . ." Significantly, Code § 18.2-95 does not, in and of itself, state a prohibition, but rather, defines the level of a larceny, whether that larceny is common law larceny or larceny as specified in a statute.

Although we are not bound by a party's concession of law, Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), aff'd on other grounds, 273 Va. 410, 641 S.E.2d 77 (2007), we believe that the Commonwealth was correct in making this concession.

Contrary to the recollection of the trial court, the record demonstrates that the valuation report was neither offered nor received in evidence in a manner that would allow it to be used to establish that appellant was guilty of grand larceny. To convict a defendant of grand larceny, the Commonwealth "must prove beyond a reasonable doubt not the exact value of stolen property, but only that its value exceeded the statutory minimum." Walker v. Commonwealth, 281 Va. 227, 230, 704 S.E.2d 124, 126 (2011). Because the Commonwealth specifically limited the admission of the valuation report to a sentencing proceeding and expressly stated that it would not be utilized during the guilt phase of trial, the valuation report was not competent evidence from which the trial court could conclude that appellant was guilty of grand larceny.

Thus, the question is whether the remaining evidence would allow a reasonable trier of fact to conclude that the trees taken were worth $200 or more. Viewing the evidence in the light most favorable to the Commonwealth as the party that prevailed below, Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (citing Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)), appellant stole eighteen trees, fifteen oaks and three pines, from Smith. Although it is a certainty that some collections of eighteen trees are worth $200 or more, there was insufficient evidence at trial regarding these specific trees to allow a reasonable factfinder to conclude beyond a reasonable doubt that these trees were worth $200 or more. Accordingly, we find that the evidence was insufficient to support appellant's conviction for grand larceny of timber, and thus, reverse that conviction.

B. Petit Larceny of Timber

Appellant also contends that he is entitled to a dismissal of the charge because the evidence was insufficient to convict him of the lesser-included offense of petit larceny.[3] Specifically, appellant argues that because the Commonwealth offered no evidence of the monetary value of the trees taken, the evidence does not support a conviction for petit larceny. We disagree.

In most instances, "[i]n Virginia, larceny is a common law crime." Hunt v. Commonwealth, 46 Va. App. 25, 29, 614 S.E.2d 668, 670 (2005) (quoting Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994)). "An indictment that charges . . . larceny in violation of only Code § 18.2-95 [or Code § 18.2-96] alleges the common law crime." Id. at 30, 614 S.E.2d 670 (citation omitted). "Thus, unless violation of a specific statute other than Code § 18.2-95 [or Code § 18.2-96] is charged, a larceny indictment charges the common law offense." Id.

Appellant, however, was not charged with and convicted of common law larceny; rather, he was charged with and convicted of a violation of Code § 55-334.1. Code § 55-334.1(A) provides, in pertinent part, that "[a]ny person who knowingly and willfully takes, steals, and removes from the lands of another any timber growing, standing or lying on the lands *shall be guilty of larceny*." (Emphasis added). Through the statute's express terms, the General Assembly set out the elements necessary to sustain a conviction for larceny of timber; notably, value of the timber is not one of those elements.[4]

---

[3] As relevant here, Code § 18.2-96 defines petit larceny as "simple larceny not from the person of another of goods and chattels of the value of less than $200 . . . ." Like Code § 18.2-95, Code § 18.2-96 does not proscribe conduct; it defines the grade of various larcenies, whether common law or statutory.

[4] The fact that the General Assembly did not include a value element in Code § 55-334.1 may be an indication that the General Assembly views trees as having inherent value.

- 6 -

Appellant does not contend on appeal that the evidence was insufficient to demonstrate that he knowingly and willfully took, stole, and removed timber from Smith's property. As such, he has conceded that the evidence was sufficient to support each of the statutory elements. Accordingly, the evidence was sufficient to prove he was guilty of statutory larceny as defined by Code § 55-334.1. Because, as noted above, the evidence was insufficient to establish that the timber was worth $200 or more, the larceny was, by definition, petit larceny. Code § 18.2-96.

Appellant asserts that, despite the clear statutory text, Code § 55-334.1 implicitly incorporates the element of value from common law larceny. Specifically, citing Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954), he argues that, to support a conviction for petit larceny, there must be "'[p]roof that an article has some value . . . .'" He reasons that the Commonwealth's failure to introduce any evidence regarding the monetary value of the trees taken means that there was no evidence of value, and therefore, the evidence was insufficient to even prove a case of petit larceny.

Even if appellant's assertion, that Code § 55-334.1 somehow incorporates proof of value as an element of the offense, were correct, it is clear that the evidence proves that the trees had sufficient value to support a conviction for petit larceny.

Although common law larceny does require that the item stolen have "some value," there is no requirement that the evidence demonstrate a specific monetary value. As the Virginia Supreme Court long has recognized,

> [a]t the common law, an article to be the subject of larceny must be of some value. *It is sufficient, however, it is said, if it be worth less than the smallest coin known to the law*. . . . The indictment charges, that the lock was of the value of thirty cents. It is assigned that there was no proof of the value. It is true there was no distinct proof of a specific value, nor was such proof necessary. But the evidence, nevertheless, shows that it was of some value. It was used for fastening the door on which it was hanging.

Wolverton v. Commonwealth, 75 Va. 909, 913 (1881) (emphasis added) (citations omitted). See also Evans v. Commonwealth, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983) (noting that, consistent with Code § 18.2-96, "petit larceny . . . does not require proof of any minimum value"). Thus, if a reasonable factfinder could conclude that the trees had value, even less than a penny, the evidence was sufficient to support a conviction for petit larceny.

Much like the lock in Wolverton, a reasonable factfinder could conclude that the trees had inherent value.[5] The trees in this case clearly had value to the owner. The fact that he brought a complaint was sufficient to demonstrate that they had value to him where they stood. Furthermore, it is incredible to believe that appellant would have invested the significant time and effort necessary to cut down, transport, and steal eighteen trees if they were of no value.

Finally, appellant's own testimony established an additional basis for a factfinder to conclude that the stolen trees had value. He testified that, on a prior occasion, he had cut an oak tree that had fallen on a power line from the same stand of oak trees and used it for firewood. This provided a more than sufficient basis for the factfinder to conclude that the stolen oaks could be used for firewood.[6] Accordingly, the evidence was more than sufficient to prove the trees had "some value."

---

[5] Although individuals may value trees differently, it is indisputable that people enjoy trees for a multitude of reasons. Trees provide shade, habitats for animals, and convert carbon dioxide into oxygen. Some people simply enjoy looking at trees. Trees and their wood are used for many purposes. The beauty and uses of trees have inspired works of literature. See e.g., Joyce Kilmer, "Trees," (1913) *reprinted in* Trees and Other Poems 19 (George H. Doran Co. 1914) (extolling the beauty and virtues of trees); Shel Silverstein, The Giving Tree (Harper & Row 1964) (cataloguing the many uses of a tree and its products).

[6] During argument, appellant conceded that there was sufficient evidence in the record to allow the factfinder to conclude that the trees were alive when they were cut down and that the stolen oak trees could have been used as firewood. Despite the conceded potential use of the oak trees as firewood, a commodity with a known market, appellant asserts that a factfinder could not conclude that the trees had at least "some value." Appellant offers no support for this assertion, which fails because commodities with known markets definitionally have "some value."

C.  Remedy Regarding Felony Conviction for Violation of Code § 55-334.1

As noted above, we must reverse appellant's conviction for grand larceny of timber;

however, our conclusion that the evidence supports a conviction for the lesser-included offense

of petit larceny requires that we reject appellant's request that the case be dismissed with

prejudice.

Given our conclusions, the logical result would be for us to remand to the trial court for

sentencing on petit larceny for violation of Code § 55-334.1.  Appellant has not consented to

such a result, and therefore, the Virginia Supreme Court's decision in Britt v. Commonwealth,

276 Va. 569, 576, 667 S.E.2d 763, 766-67 (2008), precludes such a resolution.[7]  Accordingly,

consistent with Britt, we remand the matter to the trial court for a new trial on the lesser-included

offense of petit larceny for violation of Code § 55-334.1 if the Commonwealth be so advised.

II.  Sentence for Second Offense Petit Larceny

As noted above, appellant also was convicted of an unrelated petit larceny.  The

Commonwealth alleged and proved that it was appellant's second larceny conviction, implicating

Code § 18.2-104, which provides that

> [w]hen a person is convicted of an offense of larceny or any
> offense deemed to be or punished as larceny under any provision
> of the Code, and it is alleged in the warrant, indictment or
> information on which he is convicted, and admitted, or found by

---

[7] In Britt, the Supreme Court set aside a conviction for grand larceny after finding that the evidence did not establish that the value of the goods stolen met the $200 statutory threshold.  In overturning the conviction, the Court directed

> that the case be remanded to the circuit court for a new trial on a
> charge of petit larceny if the Commonwealth be so advised.  We do
> not remand solely for imposition of a new sentence on the lesser
> offense as we did in Commonwealth v. South, 272 Va. 1, 630
> S.E.2d 318 (2006), because here, unlike in South, both parties have
> not consented to that relief.

Britt, 276 Va. at 576, 667 S.E.2d at 766-67.

the jury or judge before whom he is tried, that he has been before convicted in the Commonwealth of Virginia or in another jurisdiction for any offense of larceny or any offense deemed or punishable as larceny, or of any substantially similar offense in any other jurisdiction, regardless of whether the prior convictions were misdemeanors, felonies or a combination thereof, he shall be confined in *jail not less than thirty days nor more than twelve months*; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

(Emphasis added). Having found appellant guilty of second offense petit larceny, the trial court sentenced appellant to a term of incarceration of two years. Appellant did not object to his sentence at that time.

On appeal, appellant does not challenge that he was guilty of second offense petit larceny. Rather, appellant argues that the two-year prison sentence was improper because Code § 18.2-104 provides that the maximum sentence he could receive for the offense was twelve months in jail. Appellant contends that, because the sentence exceeded the statutory maximum, it was void *ab intio* and must be set aside.

Appellant, however, failed to object to the trial court's sentencing order in the proceedings below. He asks this Court to consider his argument that the trial court erred by sentencing him to a period of incarceration exceeding the statutory maximum under the "ends of justice" exception to Rule 5A:18.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)). Rule 5A:18, however, provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." "The ends of justice exception is narrow and is to be used" when an error at trial is "clear, substantial and material." Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v.

Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

"[A] sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the [C]ourt had the power to render.'" Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2008) (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). "Denying [a defendant] his liberty on the basis of a void sentence would impose a grave injustice upon him[, and t]he application of the ends of justice exception is, therefore, fully justified . . . ." Gordon v. Commonwealth, 61 Va. App. 682, 685, 739 S.E.2d 276, 278 (2013) (quoting Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005)). Accordingly, pursuant to Rule 5A:18's ends of justice exception, we reach the merits of appellant's argument.[8]

It is clear that the trial court erred in imposing a two-year prison sentence. Code § 18.2-104 provides that the maximum sentence that may be imposed for second offense petit larceny is twelve months in jail. The sentence imposed exceeds the statutory maximum, and therefore, is void. As a result, appellant "is entitled to a new sentencing hearing." Rawls, 278 Va. at 221, 683 S.E.2d at 549. Accordingly, we vacate the two-year prison sentence that the trial court imposed for the

---

[8] See also Amin v. County of Henrico, 286 Va. 231, 235-36, 749 S.E.2d 169, 171 (2013) (holding that "an order that is void *ab initio* may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner. . . . The reason for that remedy is that an order which is void *ab initio* is a 'nullity,' and is without effect from the moment it comes into existence. Accordingly, the Court of Appeals may not use a rule of court to supersede this principle of law that implicates constitutional principles of due process." (internal quotation marks and citations omitted)).

second offense petit larceny and remand for a new sentencing hearing consistent with Code § 18.2-104.[9]

## CONCLUSION

For the reasons stated above, we reverse appellant's conviction for grand larceny for violation of Code § 55-334.1 and remand to the trial court for a new trial on the lesser-included offense of petit larceny if the Commonwealth be so advised. Furthermore, we vacate the sentence the trial court imposed for the unrelated second offense petit larceny and remand for a new sentencing hearing consistent with Code § 18.2-104 for that offense.

<u>Reversed and remanded.</u>

---

[9] We note the Commonwealth conceded both that the sentence exceeded the statutory maximum and that, consistent with prior decisions of this Court and the Virginia Supreme Court, the issue falls squarely within Rule 5A:18's ends of justice exception. We commend the Commonwealth for its candor.