UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, AtLee and Malveaux
Argued at Richmond, Virginia

BILLY JOE LEE

v.        Record No. 1745-15-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY BENNETT MALVEAUX
MARCH 14, 2017

FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

Richard G. Morgan for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General; David Uberman, Assistant Attorney General, on
brief), for appellee.

Billy Joe Lee ("appellant") was convicted by a jury of felony homicide, in violation of

Code § 18.2-33, unlawful discharge of a firearm within an occupied building, in violation of

Code § 18.2-279, use of a firearm in the commission of a felony, in violation of Code

§ 18.2-53.1, shooting in the commission of a felony, in violation of Code § 18.2-53, and felony

child abuse and neglect, in violation of Code § 18.2-371.1.  On appeal, appellant argues that the

trial court erred in refusing to grant a jury instruction for involuntary manslaughter.  For the

reasons stated below, we affirm the judgment of the trial court.

I.  BACKGROUND

On the evening of April 6, 2014, appellant returned home to his fiancée, Tina Marie

Toombs, and her ten-year-old son, G.T.  Appellant and Toombs offered contrasting accounts of

subsequent events.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant stated that he and Toombs began to argue over use of a debit card. During the argument, G.T. entered the adults' bedroom but they asked him to go back to his bedroom while they were talking. Later, G.T. reentered the bedroom or stood in the bedroom door. Appellant picked up a shotgun "to scare [Toombs]," but "[s]he grabbed hold to it too and . . . as I jerked it away from her . . . [t]he butt of [the gun] went into the wall and . . . it went off and that's when it shot [G.T.]."

Toombs, by contrast, testified that she awoke in the couple's bedroom to find G.T. in the room with her while appellant was digging in her purse to retrieve a debit card. Toombs and appellant began arguing over use of the card, and "[a]t that point it became a struggling match" between them. Appellant pushed Toombs to the floor, and as she began to rise, Toombs "glanced over and . . . I seen him reaching for one of the guns" that appellant kept in the bedroom corner. When she saw appellant reaching for a gun, Toombs "grabbed [her] head and closed [her] eyes and started backing up." After backing away from appellant, she heard the gun fire, looked behind her, and saw G.T. lying on the bedroom floor.

Appellant was charged with one count of felony homicide, in violation of Code § 18.2-33, one count of malicious discharge of a firearm in an occupied dwelling, in violation of Code § 18.2-279, one count of felony child abuse and neglect, in violation of Code § 18.2-371.1, one count of use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1, and one count of shooting in the commission of a felony, in violation of Code § 18.2-53.[1]

---

[1] Appellant was also charged with one count of first-degree murder, in violation of Code § 18.2-32, and one count of felony child endangerment, in violation of Code § 40.1-103. However, the Commonwealth later entered a *nolle prosequi* to both the first-degree murder and felony child endangerment charges.

Although appellant was not charged with involuntary manslaughter, at trial, appellant's counsel proffered a jury instruction for that offense.[2]  Appellant requested the instruction based on his theory that he only brandished the shotgun and it accidentally discharged.  The trial court questioned whether an instruction for involuntary manslaughter would be appropriate, since appellant had not been charged with that offense.  Appellant's counsel replied that, under his theory of the case, the evidence would support such a conviction.  Further, he stated that involuntary manslaughter was a "lesser[-included] offense."  The trial court expressed doubt that involuntary manslaughter was a lesser-included offense of any crime for which appellant was charged, noting that the Commonwealth had entered a *nolle prosequi* to a charge of first-degree murder and "the [remaining] theories of homicide the Commonwealth is proceeding under . . . would be the felony homicide statute and . . . secondly, the malicious discharge of the firearm theory."

After further consideration, the trial court stated it had reviewed the instruction and did not find that involuntary manslaughter, as defined in the instruction, "would amount to a lesser included offense of any of the charges that are actually before the Court. . . . [F]urthermore, a straight indictment for involuntary manslaughter would arguably make this instruction appropriate but we don't have that here, so for those reasons I'll refuse the instruction."

Following a three-day trial, the jury convicted appellant of felony homicide and unlawful discharge of a firearm in an occupied dwelling.[3]  This appeal followed.

---

[2] Appellant's proffered jury instruction for common law involuntary manslaughter adopted the language of 2 Virginia Model Jury Instructions – Criminal, No. G33.600 (2016 repl. ed.).  We note that appellant's instruction, had it been given as drafted and proffered, would have erroneously informed the jury that "[t]he defendant is charged with the crime of involuntary manslaughter."

[3] Appellant was also convicted of felony child abuse and neglect, use of a firearm in the commission of a felony, and shooting in the commission of a felony.  Appellant does not challenge those convictions in this appeal.

## II. ANALYSIS

Appellant argues the trial court "erred when it refused to grant a jury instruction for involuntary manslaughter, in violation of Virginia Code Section 18.2-33,"[4] after it agreed to grant an instruction for unlawful discharge of a firearm. On brief, appellant makes two distinct arguments relating to his assignment of error. However, we are unable to reach the merits of either, as appellant failed to properly preserve these arguments for appeal.

### A. Code § 18.2-279

Appellant first argues the trial court erred in refusing his proffered instruction for involuntary manslaughter because the instruction should have been given under Code § 18.2-279.[5] However, appellant conceded at oral argument, and the record supports, that he failed to make this argument to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Frango v. Commonwealth, 66 Va. App. 34, 47, 782 S.E.2d 175, 181 (2016) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)); see also Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."). This principle ensures that the trial court judge will be "advise[d] . . . of the action complained of so that the court can consider the issue intelligently and, if necessary,

---

[4] We note that appellant's assignment of error indicates Code § 18.2-33 is a statutory provision governing the offense of involuntary manslaughter. However, Code § 18.2-33, correctly described, is Virginia's felony homicide statute.

[5] Code § 18.2-279 reads, in pertinent part,

> If any such act [of discharging a firearm within an occupied building] be done unlawfully, but not maliciously, the person so offending is guilty of a Class 6 felony; and, in the event of the death of any person resulting from such unlawful shooting . . . , the person so offending is guilty of involuntary manslaughter.

take corrective action to avoid unnecessary appeals, reversals, and mistrials." Chappelle v. Commonwealth, 62 Va. App. 339, 348, 746 S.E.2d 530, 535 (2013) (quoting Head v. Commonwealth, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986)). Because appellant failed to present to the trial court his argument with respect to Code § 18.2-279, we do not consider this argument on appeal.[6]

## B. Code § 18.2-33

Appellant further contends on brief that his proffered instruction for common law involuntary manslaughter should have been given because involuntary manslaughter is a lesser-included offense of felony homicide under Code § 18.2-33.[7] However, at oral argument, appellant conceded this argument by stating that there is no lesser-included offense of felony homicide. Appellant's concession of law acts as "an express withdrawal of an appellate challenge to a trial court judgment." Logan v. Commonwealth, 47 Va. App. 168, 172 n.4, 622 S.E.2d 771, 773 n.4 (2005) (*en banc*). This Court "may accept the concession — not as a basis for deciding the contested issue of law, but as a basis for not deciding it." Id. Thus, due to appellant's concession at oral argument, we do not consider his argument regarding involuntary manslaughter as a lesser-included offense of felony homicide.[8]

---

[6] Appellant does not argue that this Court should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and this Court will not consider the Rule 5A:18 exceptions *sua sponte*. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004); see also Jones v. Commonwealth, ___ Va. ___, ___ n.5, 795 S.E.2d 705, ___ n.5 (2017) (noting that the Virginia Supreme Court will not, *sua sponte*, consider good cause or ends of justice exceptions to their analogous Rule 5:25).

[7] Code § 18.2-33 defines felony homicide as "[t]he killing of one accidentally, contrary to the intention of the parties, while in the prosecution of some felonious act other than those specified in [Code] §§ 18.2-31 and 18.2-32."

[8] We also note that even without appellant's concession at oral argument, our Court will not address appellant's argument due to his failure to comply with Rule 5A:20. That rule requires that an appellant's brief contain not only the standard of review, but also "argument

III.  CONCLUSION

Appellant failed to present one portion of his argument to the trial court and conceded the remainder of his argument during oral argument.  Therefore, we are unable to consider his assignment of error and affirm the judgment of the trial court.

Affirmed.

---

(including principles of law and authorities) relating to each assignment of error."  Rule 5A:20(e).  Beyond establishing the standard of review, appellant's cited case law authorities simply reiterate general legal propositions with respect to when it is proper to instruct a jury on lesser-included offenses.  Appellant's cited authorities relate either to his argument with respect to Code § 18.2-279—which, as noted above, was not preserved at trial—or lack relevance to appellant's argument with respect to Code § 18.2-33.

Nothing in appellant's cited authorities "relat[es] to [the] assignment of error" preserved in the proceeding below.  Rule 5A:20(e).  He also fails in any way to explain why Code § 18.2-36.1, which is cited on brief and defines various statutory offenses as involuntary manslaughter, required that his proffered instruction for a common law offense be given.  "If [appellant] believe[s] that the circuit court erred, it [is his] duty to present that error to us with legal authority to support [his] contention."  Mitchell v. Commonwealth, 60 Va. App. 349, 352, 727 S.E.2d 783, 784 (2012) (alterations in original) (quoting Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008)).  This Court has made clear that arguments on brief which are unsupported by principles of law or authority "do not merit appellate consideration." Williams v. Commonwealth, 57 Va. App. 750, 768 n.3, 706 S.E.2d 530, 539 n.3 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).  Further,

> [a] court of review is entitled to have the issues clearly defined and to be cited pertinent authority.  The appellate court is not a depository in which the appellant may dump the burden of argument and research.  To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises.  On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal.

Jones v. Commonwealth, 51 Va. App. 730, 734-35, 660 S.E.2d 343, 345 (2008) (quoting People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989)), aff'd, 279 Va. 52, 60, 688 S.E.2d 269, 273 (2010).