COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, AtLee and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

JAMES DONTA WHITFIELD

MEMORANDUM OPINION[*] BY
v.        Record No. 0333-16-1        JUDGE RICHARD Y. ATLEE, JR.
MARCH 21, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a bench trial in the Circuit Court of the City of Norfolk, a judge convicted

James Donta Whitfield of felony hit and run in violation of Code § 46.2-894.[1]  He appealed and

alleges that there was insufficient evidence that the accident caused more than $1,000 of damage

(the threshold for a felony hit and run).  We agree with Whitfield and reverse his conviction.

I. BACKGROUND

"[U]nder familiar rules, we must consider the evidence in the light most favorable to the

Commonwealth, the successful litigant in the trial court."  Leigh v. Commonwealth, 192 Va.

583, 587, 66 S.E.2d 586, 589 (1951).  While driving a Buick LeSabre on Interstate 264 in

Norfolk, Whitfield lost control of the car and struck a Nissan Altima.  Immediately after the

accident, he drove down an exit ramp, stopping after approximately .2 mile.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court also convicted Whitfield of driving on a suspended operator's license,
but he did not appeal that conviction.

Nearby, Steven Crist was performing road work in a closed lane of traffic. He saw Whitfield's car "swerve across hitting another vehicle, which then both came to a stop in my lane." Crist testified that shortly after the crash, Whitfield's car "just took off." Crist observed that "the driver's side of the Altima was completely pretty much gone. So when [Whitfield's] car came across, it was kind of like it sideswiped [the Altima] and pushed them both sideways." When Whitfield's car left the scene, it "pretty much only had three wheels" and was damaged "towards the back rear axle passenger side from where he had hit the Altima in the front."

Officer A.S. Wright of the City of Norfolk Police Department saw Whitfield's car exit the interstate. The car "was making a really loud noise, unusual, and it was kind of sparking a little bit." Through Officer Wright, the Commonwealth introduced three photographs showing "the right-side passenger, front and back, the whole entire side" of Whitfield's car. On cross-examination, Officer Wright conceded that she did not know whether the accident caused the damage to Whitfield's car.

Trooper Brenda Shaffer of the Virginia State Police testified that when she arrived at the scene of the crash, the "Altima that was disabled was sitting next to the exit." Trooper Shaffer described the damage to the Altima, observing that "[a]ll of the front end was pushed from left to right. So whatever struck her, the vehicle that had struck her, pushed everything, the engine, the engine compartment, all the way to the right." Trooper Shaffer testified that the Altima's "bumper was gone" and the car "had to be removed by a tow truck." She also testified that she "believe[d] the air bags were deployed." When the Commonwealth attempted to elicit testimony from Trooper Shaffer as to the dollar amount of the damages caused by the accident, Whitfield objected, asserting that Trooper Shaffer had "no information as to what the damage was before the accident." Eventually, the trial court agreed, ruling "I'll sustain the objection as to the dollar amount." Trooper Shaffer, alone among the witnesses, testified that there was a Hyundai present

that had "front-end damage," although Crist never mentioned this vehicle, and there was no evidence of what this "front-end damage" entailed or how, if at all, the Hyundai was involved in the accident.

In denying Whitfield's motion to strike following the Commonwealth's case-in-chief, the trial court stated:

> [G]iven the description of the damages to the vehicles, as well as the photographs that show the damage to the gray Hyundai,[2] the evidence is more than sufficient for the [c]ourt to make a finding that the total damage was in excess of $1,000.
> The Altima was not drivable. The air bags deployed. The description of the engine compartment was that the engine was knocked askew towards the passenger side. The Hyundai, we have the bumper dislodged to some degree, and we have the damage to the side panel and the door shown in the photographs.[3]

Whitfield testified in his own defense. He admitted to driving the LeSabre, testifying that after the accident, he had a flat tire and damaged brakes. He also stated that the road had cones on it and was under "heavy construction." Following Whitfield's second motion to strike, and closing argument by both sides, the trial court stated:

> Now as to damage, what we have here is the vehicle was driving down Interstate 264, a 55 mile-an-hour speed limit roadway,[4] a very significant crash. The Altima's air bags deployed. The damage was so extensive to it that it was inoperable, and as described by Trooper Shaffer, the entire engine block was knocked askew towards the passenger's side.

---

[2] Crist described Whitfield's LeSabre as "grayish," while Officer Wright described it as "grayish blue." There was no testimony about the color of the Hyundai. As such, it appears the trial court was mistakenly referring to Whitfield's LeSabre as a Hyundai.

[3] The only photographs introduced into evidence were of Whitifield's LeSabre. As such, the trial court's reference in this sentence to "[t]he Hyundai" and to "damage to the side panel and the door shown in the photographs" appears to be another instance of the trial court mistakenly referring to Whitfield's LeSabre as a Hyundai.

[4] There was no evidence of the speed limit on this portion of Interstate 264. Even assuming that the trial court was familiar with this highway and was taking judicial notice of the usual speed limit, testimony from the independent witness, Crist, indicated that at least one lane was closed for active construction.

Additionally as to Mr. Whitfield's car, he claims, of course, that the brakes were inoperable. Just looking at the vehicle there, the bumper is dislodged, and from the photographs, one could tell that the damage extends to the door, the side door to the rear quarter, or what appears to be one of the rear quarter panels, as well as the tire has extensive damage to the rim. The description from Officer Wright was that the vehicle was driving on the—it was creating sparks because [Whitfield] was driving on the rims.

The [c]ourt, I think, finds circumstantially that from the description of the damage to these two vehicles that the damage—and the [c]ourt does find as a fact that the damage was well, well in excess of $1,000.

The trial court found Whitfield guilty and sentenced him to two years in the penitentiary, with one year suspended. This appeal followed.

## II. ANALYSIS

Whitfield assigns error to the trial court's finding that the value of the property damage exceeded $1,000. "When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)); see also Code § 8.01-680. Because "we must consider the evidence in the light most favorable to the Commonwealth," Leigh, 192 Va. at 587, 66 S.E.2d at 589, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom," Kelley v. Commonwealth, 289 Va. 463, 467-68, 771 S.E.2d 672, 674 (2015) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991). It is not necessary that facts be proven by direct evidence, because "circumstantial evidence is entitled to the same weight." Henderson v. Commonwealth, 285 Va.

- 4 -

318, 329, 736 S.E.2d 901, 907 (2013). Nor should we look at the evidence in isolation, because "[w]hile no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

Code § 46.2-894 states, in relevant part, that anyone convicted of hit and run:

> is guilty of (i) a Class 5 felony if the accident results in injury to or the death of any person, or if the accident results in more than $1000 of damage to property or (ii) a Class 1 misdemeanor if the accident results in damage of $1000 or less to property.

There was no evidence that any person was killed or injured. Whitfield's sole contention is that the evidence failed to show that the accident caused more than $1,000 of damage.

In Wright v. Commonwealth, 196 Va. 132, 82 S.E.2d 603 (1954), the Supreme Court addressed felony value thresholds in an appeal of a grand larceny conviction. The Court observed: "Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount." Id. at 139, 82 S.E.2d at 607. In another appeal of a grand larceny conviction, Dunn v. Commonwealth, 222 Va. 704, 284 S.E.2d 792 (1981), the Supreme Court reversed Dunn's conviction, finding that the jury determined value without a sufficient evidentiary basis for that determination. Such a "verdict could have been based only upon speculation and conjecture and cannot be permitted to stand." Id. at 705-06, 284 S.E.2d at 793. Here, the Commonwealth established that Whitfield's hit and run caused damage of "some value." Given the dearth of actual evidence of value, however, we find that the trial court's conclusion that the value of the damages exceeded $1,000 was reached via "speculation and conjecture." Id.

Evidence of the damage caused by the accident consisted of the testimony of one independent witness, two law enforcement officers, Whitfield himself, and three photographs of Whitfield's car. No occupant of the Altima testified. There was no evidence of the two cars' year of manufacture or mileage or whether the cars had valid inspection stickers. The Commonwealth offered no written documentation of the damage to the cars, the repairs that might be necessary, the cost of repairs, whether any repairs were performed, or the prevailing repair rates in the area. Further, there was no evidence as to whether either or both cars had sufficient damage caused by the accident to deem one or both a total loss and if so, the value of the cars. Finally, there was no evidence of the condition or value of the cars prior to the accident. While witnesses testified to visible damage to both cars, we cannot assume, without more, that the accident caused all of that damage.[5]

The trial court found "circumstantially . . . from the description of the damage to these two vehicles that the damage . . . was well, well in excess of $1,000." Guilt may be proven by direct or circumstantial evidence. Hayden v. Commonwealth, 203 Va. 398, 401, 124 S.E.2d 13, 15 (1962). Neither method of proof is superior to the other. Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31 (2005). However, evidence "is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)).

Although we view a trial court's factual findings deferentially, the factual findings in this case were irreconcilably inconsistent. The Commonwealth attempted in various ways to elicit an

---

[5] The only evidence of the condition of Whitfield's car prior to the crash was his own testimony that his brakes and tires were damaged by the crash. At oral argument, Whitfield conceded that both vehicles were drivable before the accident. See Oral Argument Audio at 3:45 to 3:55 (Feb. 7, 2017). And Trooper Shaffer testified that the Altima was "disabled" after the crash. However, the scope of damages attributable to the crash was unclear.

opinion from Trooper Shaffer of the dollar amount of the damage to the Altima. Whitfield objected repeatedly, pointing out that Trooper Shaffer did not "know what the condition of the car was before the accident. So she's in no position to make an assessment towards an estimate of the amount of damage caused by this accident." Although the trial court permitted Trooper Shaffer to testify to the car's condition after the accident, the trial court ultimately sustained Whitfield's objection, noting "I'll sustain the objection as to the dollar amount." The trial court also did not grant the Commonwealth's motion to declare Trooper Shaffer "an expert in assessing damage caused by motor vehicle accidents." These decisions by the trial court were legal determinations as well as factual findings. By ruling as it did, the trial court necessarily found there was insufficient evidence from which the witness could glean a specific dollar value of the damages, because of the failure of the Commonwealth to establish a "baseline" pre-crash condition and value of the property. Notwithstanding this finding, however, the trial court went on to make its own estimation of value, ruling: "The [c]ourt, I think, finds circumstantially that from the description of the damage to these two vehicles that the damage—and the [c]ourt does find as a fact that the damage was well, well in excess of $1,000."

The absence of a non-speculative basis for determining value, as well as the internal inconsistency of the trial court's findings as to value, together render those findings unsupported by the evidence. For these reasons, the trial court's conclusions as to the value of the damages constituted plain error.

III. CONCLUSION

We reverse Whitfield's conviction, and remand for retrial on a charge of misdemeanor hit

and run, should the Commonwealth, in its discretion, elect to retry Whitfield.[6]

<u>Reversed and</u>
<u>remanded.</u>

---

[6] Because both parties do not consent to a remand soley for resentencing on misdemeanor hit and run, we cannot remand for that purpose.  <u>See</u> <u>Britt v. Commonwealth</u>, 276 Va. 569, 576 & n.7, 667 S.E.2d 763, 766-67 & n.7 (2008); <u>Frango v. Commonwealth</u>, 66 Va. App. 34, 46, 782 S.E.2d 175, 180-81 (2016).