COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Causey and Friedman

BRANDON AARON BURR

MEMORANDUM OPINION*
v.     Record No. 0114-22-1                        PER CURIAM
                                                   JANUARY 17, 2023
KATHRYN KRYSCIO BURR

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

(Brandon Aaron Burr, on briefs), *pro se*.

(Norman A. Thomas; DeRonda M. Short; Jason Atkins, Guardian *ad
litem* for the minor children; Norman A. Thomas, PLLC; DeRonda
M. Short, PLLC; Jones, Blechman, Woltz & Kelly, P.C, on brief),
for appellee.

Brandon Aaron Burr (father), *pro se*, appeals the provisions dealing with payment of a

guardian *ad litem* (GAL)'s fees in a custody and visitation order entered on December 7, 2021.

Father argues that the court abused its discretion by appointing a "non-qualified" GAL for the

children, "granting [the] GAL fees," and ordering father to pay all the GAL fees. After examining

the briefs and record, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the court's

decision.[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On March 8, 2022, Kathryn Theresa Kryscio (mother) moved to dismiss the appeal
under Rules 1:1(b) and 5A:2. On May 17, 2022, this Court denied mother's motion, as well as
both parties' requests for attorney fees. On June 3, 2022, father filed a motion for clarification of
this Court's May 17, 2022 order. On July 7, 2022, father moved for an expedited ruling on his
motion for clarification. Considering our ruling herein, we deny father's motions for
clarification and an expedited ruling.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Father and mother were married in 2012 and had two children during their marriage. Mother filed a complaint for divorce in May 2018 and requested sole custody of the children and supervised visitation for father.

The parties had issues about custody and visitation. In September 2018, father moved for appointment of a GAL "to assist in resolving these issues as well as ensuring that visitation with the children is handled appropriately by both parties until the court can make a determination to serve the children's best interests." On May 1, 2019, the court informed the parties by letter that its policy required "a $1,500.00 deposit be paid to the [GAL] before any work commences and the billing [would] be at $150.00 per hour." The court noted mother's objection to the GAL appointment, and ruled that father was to "pay the $1,500.00 deposit to the [GAL] and the assessment of fees can occur at the end of the divorce."

After father deposited $1,500 to a trust account, the court appointed Jason Atkins as GAL for the minor children and directed the $1,500 be forwarded to Atkins against which Atkins would bill $150 an hour. The court again noted mother's objection to the appointment of a GAL.

The court conducted hearings in August and September 2019 concerning equitable distribution, spousal support, custody, visitation, child support, and attorney fees.[2] On December 20, 2019, the court entered a final decree of divorce, awarded mother sole legal and physical custody of the children, and granted father limited supervised visitation. The court also resolved

---

[2] The record lacks transcripts or written statements of facts from those hearings. Those matters are not before us on appeal.

child and spousal support, and the parties agreed to the equitable distribution of the marital property. The court ordered father to pay the GAL fees.

Approximately one year after the entry of the final decree, father moved "to expand" the custody and visitation arrangements and allow him to have unsupervised visitation.[3] In July 2021, the court entered a "temporary visitation order" expanding father's visitation rights. On August 16 and 20, the court conducted hearings on father's motion for expanded visitation and contact with the children.[4]

On December 7, 2021, the court entered an order awarding mother sole legal and physical custody and modifying father's visitation rights. The court also ordered father to pay all the GAL's costs and fees. Father noted his appeal on January 6, 2021.

The GAL subsequently filed a "request for an award of fees" for his services.[5] On April 28, 2022, the court conducted a hearing at the GAL's request and denied the GAL's motion for lack of jurisdiction.[6] The court noted that the GAL could pursue "the liquidized fee amount through other legal means."

ANALYSIS

In this appeal, father challenges the court's award of GAL fees. Father contends that the GAL was not qualified under Code § 16.1-266, the court did not correctly calculate the GAL's fees, and the court erred in the December 7, 2021 order by assigning the GAL's fees only to him.

---

[3] It appears that the GAL remained involved with the family after entry of the final decree.

[4] Only the transcript from the August 20, 2021 hearing is a part of the record.

[5] The GAL's filing is not in the record.

[6] A transcript of this hearing is not included in the record, and the April 28, 2022 order is not before us on appeal.

On appeal, "we presume the judgment of the trial court to be correct and . . . sustain its finding unless it is plainly wrong or without evidence to support it." *West v. West*, 53 Va. App. 125, 132 (2008) (quoting *M. Morgan Cherry & Assocs. v. Cherry*, 38 Va. App. 693, 702 (2002) (en banc)). Father has the burden to show that the court committed reversible error in the matter he appealed. *See Alwan v. Alwan*, 70 Va. App. 599, 612 (2019).

Rule 5A:18 bars our consideration of father's argument that the court erred in appointing Atkins as the GAL. Upon father's request, and over mother's objection, the court appointed Atkins as the GAL in a May 2, 2019 order. Father did not object to Atkins' appointment as the GAL.[7] On appeal, father now argues that Atkins was not qualified to serve as the GAL because Atkins was not in the "qualified and/or registered Guardian Ad Litem Information System for Children database."

"Ordinarily, '[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court.'" *Fletcher v. Commonwealth*, 72 Va. App. 493, 510 (2020) (alteration in original) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)).

---

[7] Father may have challenged Atkins' appointment for the first time at the April 28, 2022 hearing, nearly three years after Atkins' appointment. In a footnote in the April 29, 2022 order, the court noted that father "briefly argued the disqualification" of the GAL's appointment, but rejected this argument because father had petitioned for the appointment of a GAL. Father did not note any objections to the April 29, 2022 order and did not appeal the order.

- 4 -

Father did not timely object to the court's appointment of Atkins as the GAL. Accordingly, we will not consider this argument, as father failed to note any objections in accordance with Rule 5A:18. In his reply brief, father raises the "ends of justice" exception. "'The ends of justice exception is narrow and is to be used' when an error at trial is 'clear, substantial and material.'" *Frango v. Commonwealth*, 66 Va. App. 34, 48 (2016) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)). "In order to avail oneself of the exception, a [party] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (quoting *Redman*, 25 Va. App. at 221). The ends of justice exception does not apply here because father's contention that he was inadequately represented by previous counsel fails to establish a miscarriage of justice.

Father also alleges an error in the calculation of the GAL fees. In a letter accompanying the order appointing Atkins as the GAL, the court directed father to forward $1,500 to a trust account against which Atkins would bill $150 per hour for his services. In his appeal brief, father contends that the court abused its discretion in assigning this hourly rate. Father never objected to the hourly rate, and we will not consider this argument.[8] *See* Rule 5A:18.

Father also challenges the court's December 7, 2021 order assigning the GAL's fees only to him. "The decision to apportion guardian fees between both parties or to one party alone . . . involves a matter within the [trial court]'s discretion." *Kane v. Szymczak*, 41 Va. App. 365, 375 (2003) (upholding court's decision to assess all GAL fees to one party).

The record does not include a transcript or written statement of facts of the August 16, 2021 hearing which resulted in the court's December 7, 2021 order assigning all the GAL fees to

---

[8] Father also tries to challenge Atkins' fee affidavit for the first time on appeal. Father claims that Atkins' fee affidavit, which allegedly was submitted in February 2022, listed a billing rate of $200/hour. Father also claims the court ordered Atkins "to revise the unauthorized fee increase" at the April 28, 2022 hearing. This Court cannot review this claim as Atkins' fee affidavit is not included in the record.

father. We find that a transcript or written statement of facts is indispensable to determining father's argument on appeal because we cannot review the evidence and arguments presented at the hearing on the GAL fees. *See Bay v. Commonwealth*, 60 Va. App. 520, 528-29 (2012); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Moreover, although father noted four written objections to the court's December 7, 2021 order, none of them challenged the court's ruling that father pay the GAL fees and costs. "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)); s*ee also* Rule 5A:8(b)(4)(ii). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999). As father failed to provide a record that supports his claim, his argument fails.

Mother requests an award of attorney fees and costs incurred on appeal. *See* Rule 5A:30(b); *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman*, 68 Va. App. at 545). "[I]n exercising our discretion to determine whether to award appellate attorney's fees, we do not believe that the equities of this case justify such an award" to mother, and we deny her request. *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021).

CONCLUSION

Accordingly, we affirm the court's judgment for the payment of the GAL fees.[9]

*Affirmed.*

---

[9] Mother argues that the court's April 29, 2022 order mooted father's appeal because it "eliminated [father's] obligation to pay any amount of GAL fees or costs." In the April order, the court referred to the GAL's affidavit of fees filed February 10, 2022, although this filing is not a part of the record. The April 29, 2022 order did not overrule the court's December 7, 2021 order holding that father was responsible for the GAL fees and costs. Rather, the court found that it no longer had jurisdiction to consider the GAL's request because father had appealed the matter to this Court. The April 29, 2022 order did not moot father's appeal.